Your Honor, I have a procedural question. Yes. My understanding is that the government yesterday, while I was traveling in Washington, D.C., has moved to remand this case because they're requesting the board to sui sponte reopen it. Will I be given, based on the en banc opinion of Hernandez-Ruiz, I was wondering, would I be given additional time to argue against the remand? Actually, that's part of what we want to ask you about, is that. So why don't you begin your time, and we'll go into that along with other issues. We'll probably ask you about it right away. So why don't you introduce yourself for the record, and we can go to the heart of that. Hey, police corps. My name is Tom Towsley. I am the pro bono counsel that's been appointed by the Ninth Circuit in this case to represent Sergio Arriola-Rivas. I believe I mispronounced it. The judge pronounced it correctly. I've represented Sergio for two years, initially before the board. He's been detained at the Northwest Detention Facility for two years. My understanding is, while I was traveling from Washington, D.C., the government has requested that the Ninth Circuit remand this case in order for the board to consider sui sponte reopening and addressing whether Sergio has been convicted of a crime of violence under 18 U.S.C. 16b. In light of the recent en banc opinion of Fernandez-Ruiz, I would argue that the court should not do that. My understanding, one, is the board has not actually reopened it, so, therefore, jurisdiction is not removed. As I mentioned, he's been detained for two years. I didn't understand what you just said. Jurisdiction what? My understanding, Your Honor, is that the board has not actually reopened the case to remove jurisdiction of this court. No, they haven't. They're asking us to remand the case so that they can reopen it. And you don't want it reopened because? Because, one, the alien has been detained for two years. More importantly, the standard of review in this case is de novo, without Chevron death row. As was said in Fernandez-Ruiz, the board does not administer 18 U.S.C. section 16, also does not have special expertise required. So, basically, the government is asking the board to predict how the Ninth Circuit is going to rule on a statute that it has no special expertise to decide. Many of the arguments that I'm presenting today have been presented in the briefs. Fernandez-Ruiz was issued on October 26th. This seems to be, I would submit, a dilatory tactic. And for many of the reasons cited in Fernandez-Ruiz, for not remanding the case, that was on the modified, whether the INS should have another crack under the modified pedagogical approach to prove the charge. Well, why isn't 16b different than 16a, which was what was at issue in Fernandez-Ruiz? Well, I would argue, most assertively, Your Honor, that the reasoning in Fernandez-Ruiz should, that the Court should rely on that in finding that Sergio has not been convicted. But the Fernandez- Well, what could be more central to the kind of crime that Congress was talking about than a drive-by shooting? I mean, we get very involved in sort of talking about the language of the opinions, and they get us further and further down a certain road. But isn't that precisely the sort of crime that under 16b is a crime of violence because it carries with it an inherent and substantial risk of serious bodily injury or death? That was, if I may respectfully submit, what the Board, often years where I used to work, 8 1⁄2 years, would often use to justify DUI being a crime of violence. But the key is the term abuse. And I should also remind the Court, he was convicted of facilitating a drive-by shooting. And under the State of the Supreme Court of Washington, in order to be convicted of facilitating, you only have to have general knowledge of the crime. You do not have to have the same mental state as the- He was the driver, right? He was the driver. The perpetrator has to commit the crime recklessly. But he had to only have general knowledge. I would submit, by being a driver of a car, knowing someone has a gun in your car and has a beat, that's enough to convict you. The Supreme Court of Washington has made clear that just general knowledge is enough. And, Your Honor, if I may get into the actual merits argument. In, as we know, the- Based on the record here and the cases that we can decide this just straight up without a remit, correct? Yes, Your Honor. And if you were to lose or not be successful here, then your client's only other remedy would be to the Supreme Court? Is that right? Well, yes, Your Honor. My client is- I'm just trying to understand. Yes, Your Honor. He understands that. And I talked to him. In fact, the government proposed a joint motion the night I was leaving. And I talked to my client on the phone. He fully understands that. That's- I just have a question. Thank you. And so, anyway, Your Honor, if I may note that the Washington Drive-By Statute says recklessly discharge a firearm in a manner which creates a substantial risk of death or serious injury to a person. The government and the board have never applied a modified categorical approach in this case. They don't argue. So, therefore, we have to use the categorical approach, which means all conduct of the relevant statutes must cover his offense. And under the facilitating statute, you could be convicted if you have knowledge that it will promote or facilitate the commission of the crime and if you aid or agree to aid such other person in the planning of the committee. So, in other words, by merely aiding the person to recklessly discharge a firearm from a car or nearby the car is sufficient to convict you. Now, based on this Court's interpretation of the term used- But let me just carry that one step further. The facilitation, if the crime facilitated fits the categorical definition, then would you agree that the crime itself does? For example, if someone facilitates an aggravated murder by driving his friend to where he knows the friend is going to kill five people, would that facilitation come as a crime of violence in your construct under Washington law? No, Your Honor. I respectfully disagree. As I pointed out in the brief, this is not the aiding and abetting statute under AUSC 2, which requires an intent. This is a broadly drawn statute by the State of Washington to totally detour any chances of drive-by shootings. And so- But the facilitation, you're saying the facilitation refers only to this crime, or is it a- No. It's a separate statute under U.S. I mean, Washington law. Okay. So back to my example, you're saying that even if you facilitate, even if you assist in something that obviously is all by itself a crime of violence, that's not good enough under Washington law? I'm sorry, Your Honor. I didn't catch that. You're saying that does not count as an aggravated felony? No, Your Honor. That would be two parts of my argument. One is a facilitator is either further removed than the perpetrator. So how can you say that someone has been interpreted by this Court of the term used in 16a and by the Third Circuit in Tran and by the Fourth Circuit in Garcia, you have to have, as this Court noted, neither gross negligence in failing to proceed nor conscious disregard of substantial and unjustified risk of injury implies that physical force is instrumental to carrying out the crime, such as the plain meaning of the word used denotes. Then the Court cited to the language in Leocal that the Supreme Court was discussing 16b, in which this Board relied upon in finding this to be a 16b court. The Court said the reckless disregard in Section 16 relates not to the general conduct or the possibility that harm will result from a person's conduct, but the risk that the use of physical force might be required in committing a crime. Therefore, and then the Ninth Circuit drew from that, and they also, by the way, cited the two Third Circuit cases, Upjenny and Tran, which discussed 16b, not 16a. It was noted in the dissent. Therefore, the Court said, the Ninth Circuit, neither recklessness nor gross negligence is sufficient mens rea to establish that a conviction is a crime of violence. Remember, again, a person can be convicted in Washington for facilitating a drive-by shooting by merely aiding someone to recklessly discharge a fire airport vehicle. Remember, the Supreme Court of Washington said you only need general knowledge. You don't have to even have reckless mental state. So as my example, the driver of the car, just by being in the car, knowing the person has a gun, knowing they have a beef against somebody, if they just decide all of a sudden to pull out their gun and shoot it, they could be convicted of facilitating. Lack of Sergio's quote. Was he convicted of a specific subsection under the Washington city statute? No, Your Honor. Well, his crime is facilitating a drive-by shooting. And no, it's totally a categorical approach to both statutes, and not modified. And as I've said, the Ninth Circuit would not be out in left field holding the position on a crime of violence based on Tran and Garcia, because they interpreted Leo Kyle's language to say for 16B, substantial risk involved, be a substantial risk, that force will be employed as a means to an end. And Sergio did not employ force as a means to an end. Thank you. Thank you, counsel. We'll hear next from the governor. We believe that INS versus Ventura Supreme Court is controlled here. The Board of Immigration Appeals should be given the first opportunity to address a point and to apply the law of the panel decision in Fernandez-Ruiz. Fernandez-Ruiz did discuss 16A, 18 U.S.C., 16A. The Board discussed 18 U.S.C., 16B. But Leo Kyle addressed both A and B. And we believe the Board should be given the opportunity to address Fernandez-Ruiz legal question, why does that fall under Ventura? It's a purely legal question as to whether this statute is a crime of violence or not. Well, the Board should be able to apply a legal question, and the Board did not have the opportunity to do that since Fernandez-Ruiz was decided in October and the Board decision was 2005. So this is not an area where the Board is deemed to have special expertise. This is a criminal statute. So I think that whether we decide to remand or not, it's not required by Ventura, as I see it. Well, certainly that's the Board's expertise. It's not a criminal statute, and I certainly agree with that. But yet the Board should be able to apply Ninth Circuit law to the case here and to the facts in this case. So we believe Ventura does control. There's no facts under the categorical approach, so there's no facts to use. But there's the record here, and there's the ñ where the Board addressed 16b, the Board set out in its opinion, let me just read here from the opinion, that this crime did constitute a crime of violence, and this offense, whatever its mens rea may be, is one that inherently involves a person acting in conscious disregard of the risk, that in the course of its commission, he may use physical force against the person of another. And the Board addressed Leocal, but the Board did not have the opportunity to address Fernandez-Ruiz because it had not yet been decided. So we are asking the Court to remand this case in order for the Board to consider Fernandez-Ruiz. Do you want to talk about the merits beyond that? I certainly can address the merits beyond that. If the Court decides not to remand the case to the Board, then this Court, again, has restricted jurisdiction. The crime ñ the aggravated felony is defined as a crime of violence with at least a one-year sentence. Mr. Areola had a two-year sentence, so the amount of the sentence is not an issue. The only issue is whether this is a crime of violence. We believe that the Courtís interpretation stands, and the Courtís interpretation is that as long as there is a substantial risk that a gunshot from a car in a drive-by shooting can be considered force ñ can be considered force against a person of property or the likelihood of force against a person of property, then that is sufficient. Thereís a case directly on point in the Fifth Circuit called Nguyen that said that a drive-by shooting is considered a crime of violence. Is that statute identical to ours, or is the Washington statute similar? Well, itís very similar. Itís not identical. It was an Oklahoma drive-by statute in that case. And here was a Washington State drive-by statute. What are the differences? Do you know what the differences are? I donít recall the exact difference between the Nguyen case and this in terms of the actual statute. Does it matter that weíre ñ weíre looking at a Washingtonís complicity statute where he would be charged with promoting or facilitating the crime? And Washington courts have deemed that to be a general knowledge. I donít believe it does matter. Well, how does that ñ everybody keeps talking about the drive-by shooting statute, but what about that statute? In the drive-by shooting, under Washington law, whether a person is an accomplice or a principal, that person is treated the same way. And the board, in its footnote in the first decision, the August 2005 decision, states that accomplice liability is not a separate crime under Washington law and that the elements of the offense remain the same whether the accused is charged as a principal or as an accomplice. So under Washington law, he could have just as easily been the one shooting the firearm as the one driving the car. That fact doesnít make a difference in this case. He was still convicted of a drive-by shooting by complicity, two different statutes under Washington law. And when we look at the drive-by statute, drive-by shooting statute, it appears that recklessness is one of the ñ you can do it if itís simply reckless. And the Ruiz case seems to say that recklessness is not enough. Right. Fernandez-Ruiz did state that recklessness was not enough, and the drive-by shooting statute is permeated with recklessness. It involves recklessly discharging a firearm, reckless conduct. This is a statute under recklessness, which brings me back to my initial point that the board didnít have the opportunity to review Fernandez-Ruiz and the reasoning in Fernandez-Ruiz with regard to this drive-by shooting statute. And in the definition of a felony, the board has to determine whether a crime of violence has occurred here. So the board should be allowed to address that because there is new law. And Ventura does apply when a case is decided that is directly applicable. Had Fernandez-Ruiz been decided, I would say that the board would have addressed that, but didnít have that opportunity. Counsel, do you think that you would be aided by having an opportunity to do supplemental briefing? Iím sorry. I didnít hear your question. Would any ñ would you want supplemental briefing if we keep it here? Yes. I would like supplemental briefing if you keep it here. My first choice, of course, would be to remand the case to the board. But apart from that, we would like to be able to brief this case and to consult the agency, the Department of Homeland Security, about what they believe is the application of Fernandez-Ruiz in this situation. If we were to do that, in view of your need for consultation, what would be a reasonable time period if weíre at a kind of holiday season, plus you need to consult and so forth? So if we were to order further briefing, how long would you need realistically without having to ask for extensions of time? I think realistically three weeks would be perfectly fair, even with the holiday season. And I guess there might even be a miracle that upon consultation they might decide that in light of this case this is not a crime of violence, correct? And then you would so advise us. Correct. Although I would rather have the board make that decision and not the consultation of the agency or even our argument. But we believe that the board should have that first opportunity and didnít have it. And one of the boardís missions is to apply the law, whether it be criminal law or any other law. And here the board did apply 18 U.S.C. 16, but without the benefit of this courtís reasoning in Fernandez-Ruiz, only with the benefit of the Supreme Courtís reasoning in Leocal. So Leocal did not go as far as Fernandez-Ruiz. Leocal recklessness was not decided. It was not an issue. The court did not address it. Leocal, it was negligence really was the basis for it. And I agree with you that weíve gone further. Yeah. Where Leocal at the very end of the decision stated weíre not going to address recklessness. Itís not an issue here. This case does not present us with a question whether a State or Federal offense that requires proof of the reckless use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. section 16. Fernandez-Ruiz directly addressed that point. This case addresses 18 U.S.C. section 16. Although itís subsection B, I think that the board needs to have the opportunity of juxtaposing Fernandez-Ruiz with Leocal in light of this case with the record before it as it has been established. Thank you, counsel. Thank you very much. Mr. Towsley, you used up your time, but we used up some of it with questions. So would you care to have a minute for rebuttal? Yes, Your Honor. Thank you, Your Honor, for that generous offer. Just real quickly, the court ñ the board did have a chance to address Fernandez-Ruiz in that I argued in an original appeal and a motion to reconsider the logic in Tran and Garcia ñ or in Tran, Iím sorry, V. Gonzales in the third. Sorry. I extensively argued why this should not be a 16B offense. And so the fact that the board ñ they had a chance to address the argument. Look at Tran, V. Gonzales. The other thing is I think that the reasons that the court did not remand Fernandez-Ruiz is directly on point. First point, the documents cannot be in stir ñ well, anyway, the evidence has been developed. Theyíre there. The agency does not possess the expertise. Itís been discussed. Ventura involved an issue that they had not looked at. They have here. And you have a de novo standard in Ventura. You have the substantial evidence standard. And so I would ask that you not remand it. If you should request supplemental briefing, my client has been detained for two years. I request a very short deadline. And I ask that the government strongly urge that he be released on bond. Thank you. Thank you, counsel. The case just argued is submitted. And weíll let you know later our decision on whether a further briefing is to be had. Weíll move next to United States.
judges: B. Fletcher, Graber, McKeown